BOLTON *et al. v.* SCHRIEVER *et al.*

(*Superior Court of New York City, General Term.* Jan. 5, 1891.)

For majority opinion, see *ante,* 226.

INGRAHAM, J. I concur with Judge FREEDMAN in his opinion. Upon the death of a resident of this state, jurisdiction to administer upon the estate of the deceased vests in the surrogate courts established in the several counties

of the state, and this duty devolves upon the surrogate of the county in which the deceased resided at the time of his death.   The question of the inhabitancy of the deceased becomes a question that must be determined by the surrogate to whom an application is made for administration, and I think it is clear that the determination of that question is conclusive except in a proceeding to review such determination, and cannot be attacked collaterally. This principle is recognized by the court of appeals on the second appeal in *Roderigas* v. *Institution*, 76 N. Y. 321, where CHURCH, C. J., delivering the opinion of the court, says: "But, if a person be actually dead, then the surrogate is vested with power over the general subject-matter.   In the latter case he has the right to act, and, although he acts erroneously, his action cannot be impeached collaterally.   He may commit an error as to inhabitancy which would be sufficient to reverse his decision, but not sufficient to render it void from the beginning, for the reason that he has power to act upon the subject."   This was the position of the surrogate when the application was made to admit the will of Tallmadge to probate and grant letters testamentary to his executors.   He had jurisdiction of the subject-matter, because Tallmadge was dead.   Whether the surrogate of New York county or the surrogate of Columbia county should admit the will to probate depended upon the question of the residence of Tallmadge at the time of his death, and that question the surrogate of New York was required to determine.   The petition for the probate of the will alleged that Tallmadge resided in the city of New York, and he determined that he did so reside by the decree admitting the will to probate.   The authority of the surrogate to grant letters testamentary depended upon the probate of the will.   It was the appointment of the executors by the will that gave the surrogate jurisdiction to grant the letters; and, if the surrogate had no jurisdiction to probate the will, he had no jurisdiction to grant the letters.   Yet I hardly think it would be claimed that the letters issued were void so that a payment of a debt owing to the deceased to such executors would not have discharged the debt.   I think, therefore, that the plaintiffs had no title to the property, and that the complaint should have been dismissed.